UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES ALLEN,

    Petitioner,

  v.

BEN CURRY, Warden,

    Respondent.

No. C 06-5784 MHP (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Charles Allen, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Allen was convicted in San Francisco County Superior Court of second degree murder and was sentenced in 1979 to 15 years to life in prison. His petition does not challenge his conviction but instead challenges a decision by the Board of Parole Hearings ("BPH") at a June 29, 2005 hearing that found him not suitable for parole. Allen alleges that he filed habeas petitions in state courts before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Allen alleges three claims in his petition. First, he alleges that the BPH's decision was not supported by sufficient evidence. Liberally construed, the allegations present a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Second, Allen alleges that the California Supreme Court's "interpretive gloss" on California Penal Code § 3041 "is untenable" and deprives him of a liberty interest. Petition, p. 6. A state court's interpretation of state law binds a federal court sitting in habeas corpus. Bradshaw v. Richey, 126 S. Ct. 602, 604 (2005); Hicks v. Feiock, 485 U.S. 624, 629 (1988). The state's highest court is the final authority on the law of that state. Sandstrom v. Montana, 442 U.S. 510, 516-17 (1979). The California Supreme Court's interpretation of California Penal Code § 3041(a) cannot be challenged in this federal habeas action. The claim is dismissed.

Third, Allen alleges that California Penal Code § 3041.2 violates his rights under the Ex Post Facto Clause because it "resulted in an institutionalized anti-parole policy by creating gubernatorial incentive for bias." Petition, p. 6. His claim has no merit because the law was not an unconstitutional ex post facto law. See Johnson v. Gomez, 92 F.2d 964 (9th Cir. 1996), cert. denied, 520 U.S. 1242 (1997). His claim fails for the additional reason that

there is no evidence that § 3041.2 has been applied to him, i.e., he does not indicate that there was any gubernatorial review of his parole suitability under § 3041.2.  The claim is dismissed.

## CONCLUSION

For the foregoing reasons,

1. The petition's due process claims for insufficient evidence warrants a response from respondent.  All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 30, 2007**.

5. Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 20, 2006

Marilyn Hall Patel
United States District Judge

3