FILED

MAY 30 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALLEN,<br>　　Petitioner,<br>　v.<br>BEN CURRY, Warden,<br>　　Respondent. | No. C 06-5784 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

Charles Allen, a prisoner at the Correctional Training Facility in Soledad, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the Board of Parole Hearings' decision on June 29, 2005, that found him not suitable for parole. The matter is now before the court for consideration of respondent's motion to dismiss on the ground that state court remedies were not exhausted for the lone cognizable claim in the petition, i.e., a due process claim based on the insufficiency of the evidence. Petitioner opposed the motion.

　　The exhaustion rule requires that a prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). In order to

properly exhaust, the specific factual basis of the federal claim must be presented to the highest state court. See Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir. 2003) (ineffective assistance of counsel and prosecutorial misconduct claims were not exhausted where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed by the court of appeal).

The court has compared Allen's federal petition with his petition for review filed in the California Supreme Court, and concludes that the due process claim was not fairly presented to the California Supreme Court. The petition for review in the California Supreme Court was a generic brief and had no reference to Allen's particular parole hearing. It could have been filed in any one of the hundreds of cases from prisoners who have been denied parole. The brief's generic nature is illustrated by the examples on pages 7-8 of it that have no relevance to Allen's case. The petition for review did not identify the parole decision being challenged as his 2005 parole decision and did not argue the sufficiency of the evidence with regard to his 2005 parole decision. The petition in the California Supreme Court did not fairly present the claim and therefore did not exhaust the claim. A remedy remains available for Allen: he may file a new habeas petition in the California Supreme Court asserting his due process claim.

Respondent's motion to dismiss is GRANTED. (Docket #3.) This action is dismissed because state court remedies have not been exhausted for the only claim in the petition. See Rose v. Lundy, 455 U.S. at 510. This dismissal is without prejudice to Allen filing a new action after he exhausts state court remedies as to each claim contained in his new petition. Allen is cautioned to act swiftly to present his claims to state court and then promptly return to this court to file any new action to avoid being barred by the one-year statute of limitations for federal habeas actions in 28 U.S.C. § 2244(d). The clerk shall close the file.

IT IS SO ORDERED.

DATED: May 30, 2007

Marilyn Hall Patel
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALLEN E CHRLES,

    Plaintiff,

v.

BEN CURRY, WARDEN et al,

    Defendant.
    _____/

Case Number: CV06-05784 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles E. Allen C-11949
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Denise Alayne Yates
Office of the Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: May 30, 2007

    Richard W. Wieking, Clerk

    *Tracy Lucero*

    By: Tracy Lucero, Deputy Clerk